The opinion of the court on the original hearing was delivered by
Wateins, J.,
and affirmed the judgement of the District Court.
Rehearing granted May 31, 1897.
Argued and submitted for rehearing November 3, 1897.
Opinion handed down November 15, 1897.
The opinion of the court was delivered by
Miller, J.
This appeal is by the plaintiff from the judgment dis - missing her demand for immovable property held by defendants under mesne conveyances, based on an adjudication, under the Act No. 84 of 1884, to the author of defendants’ title to pay State taxes prior to 1879. The defendants, answering the appeal, pray that the judgment be amended so as to decree them to be the owners of the property.
Martin Druhan, under whom plaintiff claims, acquired the property in 1867, died on 24th of July, 1876, and his widow was recognized and ordered to be put in possession as his universal legatee on the 27th of the same month. The State taxes, the basis of the tax sale to the author of defendant’s title, were for the years 1876, 1877 and 1878 assessed to Martin Druhan, and the tax deed under the Act No. 82 of 1884 was executed in 1886. The ground of plaintiff’s suit is that no title passed to defendants by the tax sale, because Martin Druhan was dead when the assessments were made. The defendants urge that Druhan was living when one, at least, of the. assessments was made, and they rely on the tax deed under the act of 1884 as conclusive of the validity of the assessments.
The act of 1884, passed as the Legislature conceived to make operative the constitutional provision relative to taxes accrued prior to 1879, provides that the tax collector’s deed for property sold under that act shall be conclusive of the validity of the assessment. The Constitution gave a liberal grace to all delinquent taxpayers, even to that class whose property had been forfeited or purchased by the State. But after that grace it was the purpose of the Constitution to direct legislation for the realization of all taxes then delinquent by an effective method of sale. This method was to give such sales all the protection the law could *1513 afford by guarantees protecting purchasers. Hence, the provision in the act that the tax deed should conclusively establish the valid - ity of the assessment of the taxes to pay which the sale was made. In the litigation that arose under this act soon after its passage, the Supreme Court of that period sustained this provision of the act in reference to the efficacy of the deed, and we have had occasion to announce that these decisions, in all cases where they applied, would not be deemed open for discussion. Oonstitution Ordinance for relief of delinquent taxpayers. In the matter of Orloff Lake, 40 An. 142; In re Douglas, praying for a writ of possession, 41 An. 765; Castillo vs. McConnico et als., 47 An. 1473.
The defendants hold under a tax deed to enforce payment of taxes of the class embraced by the constitutional provision as to delinquent taxes and by the act of 1884. In applying the decisions to which we have referred, we have held that the tax deed under the act oi 1884 would not give validity to assessment in the name of the deceased made years after his death. We have distinguished assessments of that character from those which our predecessors held were made conclusive by the tax deed. Edwards vs. Fairex, 47 An. 170; Walshe et al. vs. Harang and Husband, 48 An. 984. Unless the case now before us is to be withdrawn from the scope of the decisions 40 An. and 41 An., and brought within the purview of our decisions in 47 An. and 48 An., the tax deed of the defendants must be maintained.
The taxes due on the property, the deed recites, are for the years 1876, 1877, and 1878. For the last two years the assessments were unquestionably after the owners death. But there remains the assessment of 1876, sufficient, if valid, to maintain the deed. Under the law of that period the assessment rolls were not completed till near the close of the assessment year, and the following year was necessarily that of collection. Act No. 42 of 1871, Secs. 23, 39, 45 and 48; Act No. 16 of 1875. The Oonstitution of 1879 made a change requiring the tax to be designated as of the year of collection and the legislative interpretation of this was to make the assessment and collection year conform, and, hence, annulled the assessment of 1879, which we conclude had been levied in 1879 for 1880. All this led us to the inference announced in our previous opinion that the tax of 1876 had been levied in 1875, the year before the owner’s death. In this it is insisted we were in error, q;nd as the record does *1514 not show with precision the date of the assessment, we deal with the tax of 1876 as if assessed in that year. In that view can we avoid the assessment and the title of defendants based on it?
Under the law of the period of that assessment the preparation of the roll was to begin early in the year, and to be consummated except to correct errors, usually those of valuation, by the 1st of August. The owner in this case was living through all the stages of the assessment up to the 24th of July — that is, within seven days of the consummation of the rolls save to correct errors. Both he and his testamentary heir and widow in community knew that the period for the assessors to obtain the information to make the assessment had gone by; that the delay for the owner to furnish the lists of his property had also expired, and that the date was near at hand to close the rolls, except to correct errors, of which there is not the faintest intimation, save that which the argument supposes arises from the death of the owner, on the 24th July of the assessment year. Act 42 of 1871, Secs. 23, 39, 45, 48, Act No. of 1875. Are we then to hold void an assessment in course of preparation, at least, and within a few days of consummation when the owner dies, and of which he in his life and his heir after his death was fully apprised, or to state it in another form are we at liberty to hold such an assessment void and annul the tax sale on it, notwithstanding the constitutional provision as to tax sales, and the act of 1884, that the tax deed under that act shall be accepted by the courts as conclusive of a legal assessment? To so hold would be a marked advance on the exception to the protecting provisions in this act of 1884; we have felt constrained to recognize in our previous decisions. To hold, as we have held, an assessment void to support a tax sale by which the owner is divested of his property when the assessment is made in the name of the dead owner years after his death, and necessarily conveying no notice actual or of reasonable presumption, essential to sustain such divestiture of title, is radically different from the proposition the plaintiff’s case undertakes to affirm, that an assessment in -fieri, at least, if not practically consummated before the owner’s death, is now after twenty years to be set aside and the tax sale based on it annulled at the suit of his heir and widow in community. In our view no such decision can be made with due regard to the jurisprudence under this act of 1884 fixed by our predecessors, or consistently with the limitations, we *1515 have sparingly recognized in reference to the provisions in the act, that the tax deed is conclusive of the assessment. We think the assessment of 1876 in fieri we are authorized to presume, and within seven days of consummation for all the purposes of this discussion, bound the owner and his testamentary heirs now seeking after a long lapse of years of acquiescence to call in question that assessment and the tax sale made under it.
It is therefore ordered and adjudged that our former decision remain undisturbed, and that the judgment of the lower court be affirmed with costs.